**Dale BUCKLES and Shelly Harris, Plaintiffs,**

v.

**INDIAN HEALTH SERVICE/Belcourt Service Unit, Defendants.**

**No. A4–02–133.**

United States District Court, D. North Dakota, Northwestern Division.

Feb. 18, 2004.

See also 2004 WL 231482.

David E. Reich, Pearce & Durick, Bismarck, ND, for Plaintiffs.

David L. Peterson, U.S. Attorney's Office, Bismarck, ND, for Defendants.

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

HOVLAND, Chief Judge.

Before the Court are two summary judgment motions filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Defendant, Indian Health Service ("IHS"), filed a Motion for Summary Judgment on December 5, 2004, seeking summary judgment on all of the Plaintiffs' claims. On January 7, 2004, the Plaintiffs filed a Motion for Partial Summary Judgment seeking a determination that IHS violated the Privacy Act. For the reasons set forth below, the Court grants in part IHS's Motion for Summary Judgment and

denies the Plaintiffs' Motion for Partial Summary Judgment.

## I. BACKGROUND

The Plaintiffs, Dale Buckles and Shelly Harris, filed this action against the IHS and certain named individual defendants seeking damages for the alleged unauthorized disclosure of the Plaintiffs' medical records by IHS employees to members of the Turtle Mountain Tribal Council. The Court has since dismissed the Freedom of Information Act claim. All that remains are the alleged violations of the Privacy Act, retaliation, and defamation. Plaintiffs alleged that employees of IHS shared confidential medical information with certain members of the Turtle Mountain Tribal Council.

## II. LEGAL DISCUSSION

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Graning v. Sherburne County,* 172 F.3d 611, 614 (8th Cir.1999). A fact is "material" if it might effect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Quick v. Donaldson Co., Inc.,* 90 F.3d 1372, 1376 (8th Cir.1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the

moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed. R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The Plaintiffs have set forth three alleged instances that resulted in the unlawful release of information: (1) the disclosure of incomplete Patient Care Components ("PCCs") by Lisa Patnaude Belgarde, Sonia Zerr, and Emily Davis to Georgia Artz; (2) the disclosure of the Georgia Artz memorandum by Ray Grandbois to Tribal Chairman Richard Monette, and (3) the disclosure of a list of Tylox prescriptions by Georgia Artz and Marilyn Delorme to various Tribal Council members during a meeting at the Skydancer Hotel. In order to state a claim for a violation of the Privacy Act, the Plaintiffs must show: (1) IHS disclosed protected information, (2) the information was retrieved from a system of records maintained by IHS and (3) IHS acted intentionally and willfully when releasing the information.

### A. DISCLOSURE BY LISA PATNADUE BELGARDE, SONIA ZERR & EMILY DAVIS

■ As for the alleged disclosure of incomplete Patient Care Components ("PCCs") by Lisa Patnaude Belgarde, Sonia Zerr, and Emily Davis to Georgia Artz, Title 5, Section 552a(b)(1) of the United States Code authorizes the intra-agency disclosure of a record to those officers and

employees who have a need for the record in the performance of their duties. It is undisputed that Artz was a member of the Risk Management Team and served on the Governing Board of IHS. It is also undisputed that Belgarde, Zerr, and Davis had informed their immediate supervisor of their concerns and no action was taken. In addition, the actions of Belgarde, Zerr, and Davis were clearly in accordance with the protocol set forth in the Quentin Burdick Memorial Health Care Facility Compliance Plan, which states as follows:

First and foremost if you are asked to participate in any conduct you believe is wrong or questionable, don't do it until you are convinced the conduct is appropriate. If in doubt, ASK until you get an answer that makes sense. You can ask:

A: Your immediate supervisor. If you do not feel comfortable about discussing it with your supervisor, go to the next level.

B: Second level: Discuss the issues with higher level management. If you do not feel comfortable about discussing it with the higher level management, go to the next level. You are encouraged to continue "bumping" up levels until you feel comfortable with the issues, or

C: Call the Compliance Officer, or

D: Call the Area Legal Counsel.

Quentin N. Burdick Memorial Health Care Facility Compliance Plan 2000, p. 15 (Doc. No. 22, Exhibit K).

The Plaintiffs' contention that Artz did not need to know the specific names of patients whose PCCs were incomplete ignores the substance of the perceived problem—Belgarde, Zerr, and Davis were not concerned merely because the PCCs were incomplete, but rather they were concerned because it appeared that other IHS employees were receiving prescriptions for Tylox and Oxycodone without clinical documentation or a purpose of visit stated on the PCC. The fact that PCCs for other patients were also incomplete does not factor into whether or not a Privacy Act violation took place as to the Plaintiffs.

The Court finds that the disclosure of incomplete Patient Care Components ("PCCs") by Lisa Patnaude Belgarde, Sonia Zerr, and Emily Davis to Georgia Artz, falls within the exception set forth in 5 U.S.C. § 552a(b)(1). Belgarde, Zerr, & Davis followed the facility's protocol by telling Artz their concerns. In addition, it was logical for them to chose Artz given her role as a member of the Risk Management Team. The Court finds that there are no genuine issues of material fact as to whether the disclosure by Belgarde, Zerr, and Davis to Artz was a violation of the Privacy Act. It clearly was not. Accordingly, the Court grants the Defendants summary judgment motion as to that specific portion of the Plaintiffs' Privacy Act claims.

## B. ALLEGED DISCLOSURE BY RAY GRANDBOIS

The Defendant alleges that any actions taken by Ray Grandbois are outside the scope of the Plaintiffs' complaint. The Plaintiffs respond by stating that their original complaint names IHS as a Defendant and that at all pertinent times Ray Grandbois was the director of IHS. The Plaintiffs contend that this is sufficient to bring the actions of Grandbois within the scope of their complaint, but acknowledge that IHS may choose to argue that any actions Grandbois took were outside the scope of his employment.

The Court finds that the Plaintiffs allegations that Ray Grandbois disclosed information in violation of the Privacy Act falls within the scope of the Plaintiffs' com-

plaint. The essence of the Plaintiffs' complaint is that IHS employees unlawfully disclosed confidential medical information in violation of the Privacy Act. The Court is well-aware that a Privacy Act violation may not be maintained against an individual defendant, but must be maintained against an agency. The Court is also aware that the U.S. Attorney General has certified that the individuals originally named as Defendants (Belgarde, Zerr, Davis and Artz) were acting within the scope of their employment and that IHS replaced them as named Defendants. However, the Court is unaware of any authority which requires the Plaintiffs to specifically name, either as an individual defendant or within the body of a complaint, each and every agency employee who may have contributed to an alleged Privacy Act violation. Further, IHS is not foreclosed from asserting that any actions taken by Grandbois were outside the scope of his employment. The Court finds that such a strict reading of the Plaintiffs' complaint is not warranted.

 In addition, the Court finds that there are genuine issues of material fact which preclude the granting of summary judgment as to the Plaintiffs' claim that Ray Grandbois disclosed confidential medical information to Tribal Chairman Richard Monette. The record before the Court contains numerous factual inconsistencies regarding what specific information was relayed to Monette. As such, the Court expressly finds that the Plaintiffs may proceed to trial with their claim that Ray Grandbois disclosed the Plaintiffs' confidential medical information to Tribal Chairman Richard Monette.

### C. ALLEGED DISCLOSURE BY MARILYN DELORME AND GEORGIA ARTZ

 The Plaintiffs also allege that Marilyn Delorme and Georgia Artz disclosed a list of Tylox prescriptions to members of the Turtle Mountain Tribal Council at a meeting at the Skydancer Hotel. Once again, the record contains numerous factual inconsistencies regarding this alleged incident—often arising within the deposition of one witness (for example, in Dalbert Brien's deposition of October 29, 2003, he states that he read the allegations against Buckles and Harris, but subsequently asserts that he did not see anything in writing.) From the evidence before the Court it is not clear whether a Privacy Act violation took place during the meeting at the Skydancer Hotel. Accordingly, the Court finds that the Plaintiffs may proceed with their claim that Delorme and Artz disclosed the Plaintiffs' confidential medical information to members of the Tribal Council at a meeting at the Skydancer Hotel.

### D. RETALIATION & DEFAMATION CLAIMS

The Plaintiffs have also asserted claims of retaliation and defamation. Neither of these claims were fully developed in the summary judgment motions, and the Court finds that there remain genuine issues of material fact as to these claims which preclude the granting of summary judgment as a matter of law. The Court finds that the Plaintiffs may proceed on these claims as well.

### III. CONCLUSION

To summarize, the Court will allow the Plaintiffs to proceed with their Privacy Act claims only as to two specific instances: (1) the alleged disclosure by Ray Grandbois of the Georgia Artz memorandum to Tribal Chairman Richard Monette, and (2) the alleged disclosure by Georgia Artz and Marilyn Delorme of a list of Tylox prescriptions to members of the

Turtle Mountain Tribal Council at the Skydancer Hotel. The Court will also allow the Plaintiffs to proceed with their retaliation and defamation claims.

Accordingly, the Court GRANTS IN PART the Defendant's Motion for Summary Judgment (Doc. No. 22) as to the Plaintiffs' claims that the disclosure of information from incomplete PCCs by Belgarde, Zerr, and Davis to Artz violated the Privacy Act. The Court finds that such actions did not constitute a violation of the Privacy Act. The Court DENIES the Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 27).

IT IS SO ORDERED.